position there were no facts in dispute and essentially that is a legal issue just as though it were a 12b6 motion that had been granted. This court's standard of review, the applicable standard of review for those actions is de novo. In other words, did the district court get its decision right when it made its ruling throwing this complaint out? In addition, we have the question of whether the district court abused its discretion in failing to grant leave to amend the complaint as well. But let me start with the rule 12b6 standard and let me start by citing this court to the United States Supreme Court case of Swierkiewicz v. Sarema, which is at 534 U.S. 506, a unanimous decision from 2002. And in that case on page 513, Mr. Justice Thomas wrote for the court, Rule 8a's simplified pleading standard applies to all civil actions with limited exceptions. Mr. Schofield, let me ask you, the court always has to take notice of its jurisdiction, correct? Correct. And in this particular case, the only way in which this case would properly be here before us is under the little Tucker Act, correct? That is not correct, Your Honor, because there are non-government defendants, Mr. Jurius and Ms. Hammer, are individual defendants, not, you're correct as far as this court's jurisdiction, the federal circuit, the little Tucker Act provision, the complaint. That's the thing, you base your little Tucker Act claim on three statutes, the Indian Reorganization Act, the Indian Civil Rights Act, and the Administrative Procedure Act. Correct. And I don't think any of those are money mandating. You have your $10,000 claim in that count, but I don't think any of those are money mandating, so isn't there a problem with our jurisdiction in this case? Your Honor, I originally thought there was a jurisdiction when we went up on our interlocutory appeal, and the Tenth Circuit ruled that jurisdiction lay in this circuit and transferred the case here in this circuit, then proceeded to adjudicate that appeal and to deny us relief on that appeal. Therefore, by virtue of that prior ruling, I think we have to come to this court based on the Tenth Circuit's ruling transferring the case here for want of jurisdiction in the Tenth Circuit. But the question we have to look at under Christensen v. Cole is, is jurisdiction in this court plausible? That's what the Supreme Court, I think, has said. And it really does seem like it's not plausible here, given that none of those statutes are money mandating, which is what we have to have for little Tucker Act jurisdiction, which would in turn let us have the case. So there may well be a jurisdictional problem here, in which case we would, I'm not sure what we'd have to do, maybe we'd have to dismiss the little Tucker Act claim and send the rest, all of the various other claims, back to the Tenth Circuit. Yeah, I agreed with Your Honor's position when this case was before the Tenth Circuit that the Tenth Circuit ruled that this court had jurisdiction, and so I'm here today in light of that ruling. I mean, I think that my clients are bound by the law of the case on that issue, so I don't think we're in a position to challenge it. I think what might have been the correct action at the time would have been for the Federal Circuit to remand to the Tenth Circuit on that issue, but I don't know that I'm in a position now to challenge the ruling that has been made on this court's jurisdiction. I think that's something that's been made in this case, and my clients have to have to live with that, and so we're here. Let me go back and very quickly quote some of Justice Thomas's statements. Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8A's simplified notice pleading standard. Rule 8E1 states that no relief. Rule 8F provides that all pleadings shall be so construed as to do substantial justice. Given the Federal Rules' simplified standard for pleading, a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Now, the district court in this case, we argue, erred because although the complaint did not specify the form of a 42 U.S.C. section 1985 sub 2 private conspiracy for retaliation for the filing of the Wapsack versus Nordwall complaint in federal court, all of the factual allegations supporting such a claim are contained within the complaint, and therefore the substance of the claim exists. And the, excuse me, of Applees have cited to a 10th circuit decision Green Country Food Market versus Bottling Group, LLC at 371 F3rd 1275 of 2004 decision, to suggest that the failure to mention in the form of the complaint 42 U.S.C. section 1985 sub 2, even though the substance of a claim is there, would preclude the court from allowing the complaint to proceed. But it's very important in this case, and I'm looking now at page 1279, to look at the allegations in the complaint in that case that focused exclusively on alleged monopolization under section 203 B of the antitrust act and denial of access to an essential facility under section 203 C of that act. The court goes on to state, plaintiffs failed to mention section 203 A, which prohibits unilateral acts and restraint of trade, either in form, which is what the appellants have failed to do here, or in substance. In other words, in this case, the factual allegations in the existing complaint did not support a section 203 A claim. And therefore the court said dismissal would be appropriate. In that same case, though, the 10th circuit said a plaintiff should not be prevented from pursuing a claim simply because of a failure to set forth in the complaint a theory on which the plaintiff could recover, provided that a late shift in the thrust of the case will not prejudice the other party in maintaining its defense. Now, in the procedural posture of this case, there had been no answers filed. These were the very first responsive motions of the appellees to the complaint at hand. So there had been no schedule in place. Discovery had not been commenced. There was no planning meeting. We were simply awaiting the decision of the district court on these initial motions. Prior to the time of hearing on those motions, the appellants filed a motion to amend to expressly refer to the form of a section 1985 sub 2 conspiracy and to add a section 1986 claim against the federal defendants. All of the factual bases for both of those claims exist in the complaint that was on file. And so that motion was simply curing the failure to reference in the form of the complaint the actual statute. But the substance of those in ruling on the motion to amend ruled that it had not been timely brought. I've cited in the briefs the Tenth Circuit cases that say that a motion under Rule 15a is timely if it's brought before the hearing on the dispositive motion. This motion was brought before the hearing. And not only that, but some two months previously in the response to the motion to dismiss filed by the federal defendants, these appellants specifically had referenced 42 U.S.C. section 1985 sub 2 and their intent to move to amend following this result. So we feel that this complaint was not given a fair chance to move forward by the district court, that the allegations were in the complaint to support a claim for a conspiracy to retaliate for filing a complaint in federal court. And that is an actionable conspiracy under the Wright v. Noskeeter case 774 F. 2nd 422 from 1985 in the Tenth Circuit. The allegations of retaliation create a claim. Now let's look at the different defendants and I'll do it very quickly here. We've got Mr. Jurius and Ms. Hammer. They are not tribal members. There's no question that a federal cause of action has been alleged against them. We've got the federal defendants who participated in a conspiracy in Wright v. Noskeeter Incorporated. They were federal defendants involved in that case. And as I pointed out, there was a recent January 2006 case from the Tenth Circuit that recognized for the first time that those assertions also support a claim for a Bivens remedy. In that case it was in the context of a Fifth Amendment retaliation where BLM officials wanted an easement that the plaintiff wouldn't provide to them and so they retaliated by not granting him permits that he wanted to have. But the principle remains the same. So the claim has been pleaded. The complaint should be allowed to go forward. Finally, let's look at the four members of the tribe's business committee because that is, I think, where the district court became confused but where the confusion should end. The actions of the four members of the business committee, whether or not they were legal, do not prevent them from being liable if they joined a conspiracy to retaliate against the appellants for filing a federal court lawsuit. It's the agreement to retaliate that makes it actionable and that makes them liable. It's not an intra-tribal dispute as the district court found. And I'm outside of my time, I believe. Would you like to reserve the remaining time for rebuttal? Yes, thank you. Thank you, Mr. Schofield. I hope to reserve more. Thank you, Your Honors. Mr. Bryson? Yes. May it please the Court, my name is John Bryson from the Department of Justice on behalf of the federal officials in their official capacity and their individual capacity here. I would point out first as to the jurisdiction issue that Your Honor has raised that this court has already asserted jurisdiction in a prior appeal in this case because the plaintiffs appealed from the denial of a preliminary injunction to the Tenth Circuit and the Tenth Circuit on our motion transferred the case here and a panel of this court, or they applied for a stay, Your Honor, and so the panel of this court took jurisdiction and denied the stay on its merits. Now that panel did not discuss the jurisdictional issue, but it had before it what the Tenth Circuit's order. Was jurisdiction briefed by the parties either before the Tenth Circuit or before this court? And what position did the government take? The government took the position that jurisdiction was here because the jurisdiction of the court was based on, in part, on the Little Tucker Act. And there is case law in this court that says that although the court may conclude eventually that it's not a money-mandating claim, so it fails to state a claim, this court still has jurisdiction over the appeal. Well, that's what's a little peculiar. And of course, there's been no briefing here, so you may be at a little bit of a disadvantage. But at the time of the briefing in the Tenth Circuit, what you say is true, but at about the time of the transfer order, we had an en banc decision in a case called Fisher. I don't know if you're familiar with it. That one I don't know, Your Honor. It puts us in the awkward position of having changed the law at about the time of the transfer in a way that appears to say that it's no longer a two-step process, but it's a one-step process such that if you don't find a money-mandating statute in connection with the Little Tucker Act claim, there's no jurisdiction, period. So I'm not sure that the Tenth Circuit would have, at least had they had the Fisher case before them, would have been in a position to transfer the case, which leaves us in the position of wondering how we should assess the law of the case-type concern that is raised by the Christensen case involving multiple transfers. Well, Your Honor, I think I don't have much more to say on this. If the Court would like, we can file a supplemental brief addressing the impact of the Fisher case in this interim period. So, as to the merits of appeal, the appellant's argument here today focuses on whether Count 8 of the complaint stated a... did not have jurisdiction under the analysis, the one-step analysis that Fisher would compel. And I realize you have to take a look at that. And the basis for it was that there was not a money-mandating statute here, which is what would be required for our jurisdiction, correct? What would be the correct approach for us to do if we arrived at that conclusion? Well, if the Court concludes it has no jurisdiction under the appeal, it should transfer it back to the Tenth Circuit. It seems to me under, I believe it's 1631, 28 U.S.C. 1631, which authorizes a court that lacks jurisdiction to transfer it to a court that does have jurisdiction, so long as that court... What would be the appropriate course with respect to the little Tucker Act claim? Well, Your Honor, then, I mean, if under Fisher, the Court's determination here requires it to decide whether there is a money-mandating, in other words, is there a viable little Tucker Act claim, then I think at least as far as that really is concerned, it would be... that's not something the Tenth Circuit could re-examine. You'd say we'd dismiss that and send the rest back. Yes, sir. Okay. All right. You were getting the merits. I just wanted to see what your views were on that question before we proceed with the merits. Well, as I said, the appellant's argument here focuses on whether Count A stated a claim against, at least as far as I'm concerned, the two federal officials here, Mills and Nordwall, under 42 U.S.C. 1985-2, which is the obstruction of justice conspiracy provision, which provides a damage remedy for that. But I would submit first that this is an argument that was waived in the district court because the plaintiffs never argued that the First Amendment complaint did state such a claim. They defended on the basis that the First Amendment complaint stated a claim under 1985-3, which is exactly what it says itself. They rely on a footnote that was included in one of their briefs that appears in Appendix 907. And if you examine that footnote, you see it's not an argument that the current complaint states a claim under 1985-2. It's an argument that says, well, we think we have new facts, and so we are considering whether to move to amend to include such a claim. But that's not an argument that the current one does so. So that's our first submission here that it's waived. And the new argument here in the brief, which is trying to establish that that First Amendment complaint does state such a claim, doesn't even mention Mills or Nordwall. So there's a question here about whether they intended that complaint, if it states in 1985-2, to include Mills and Nordwall. And that's reinforced by the fact that the proposed Second Amendment complaint did not state a claim against Mills and Nordwall under 1985-2. It's limited its defendants to the private individuals and the tribal defendants. But even if one were to examine the First Amendment complaint, it just simply does not give fair notice to the defendants that that is the nature of the claim. And that is because, consistent with the Tenth Circuit's decision in Green Country Food Market, recognizing that where a statute sets out several multiple causes of action in different subsections, and you file a complaint that identifies specifically one of them, you can't come in at the last minute and say, oh, no, no, no, I want to bring another one under the other. Because presumably you had all the facts and understood what the legal theories might be available. And the elements of the two claims are very different because, as an example, 1985-3 requires an allegation that the action was based on a class or race-based animus kind of thing, which is not true for 1985-2. So, on this point, our submission is that, consistent with the Green County Food Market, which is a Tenth Circuit case, which this Court, under its standard review, would apply and follow, the Tenth Circuit recognizes that, although there is pleadings are to be construed legally and so forth, there are circumstances when it's too late to, you can't say that I first amend a complaint. But here, which actually stayed in claim under one subsection, there's actually one that expressly asserted a claim under the other. I'm sorry, were you done with that point? Yeah, I'm done with that point, and actually I'm running into the time from the co-applicants here. Is your co-counsel going to address the amendment of the complaint issue? Because I wanted to ask. Well, yes. Okay, thank you. Mr. Kaiser? Thank you, Your Honor. Chuck Kaiser for Tribal Defendants. This case has been a moving target from the beginning, Your Honors. The changes have been so massive and so frequent that this Court need not address the intricacies of the Civil Rights Act or the IRA or other statutes, but in fact could invoke the Harnbrook Rules of Appellate Practice, and the first that Mr. Bryson mentioned applied to the 1985-2 claim. The background here is the first amendment complaint specifically pled a 1985-3 claim. At the 11th hour, plaintiffs tried to move to amend the complaint to state a 1985-2 claim. The District Court denied that in a well-reasoned decision. And what they argued before this Court is they really already stated a 1985-2 claim in their complaint. Well, not only did they not argue that before the District Court, they argued exactly the contrary. They argued that they did not state that claim in their complaint. And I would call the Court's attention to the administrative record at page 1432, and this is a quote. They're alleging in their reply that they're asserting two new claims is what they say. So under Chavez, Hill, and other cases this Court's familiar with, there's no way they can raise for the first time before this Court an argument they didn't raise before the District Court. They're barred from doing so. With respect to the suggestion that because you argue facts and that's sufficient to sort of state a claim, when you argue specific statutory sites, that's just wrong in the Tenth Circuit, Your Honor. There's been discussion already, and I don't need to repeat given my lack of time here, the Green Country case. But all the Tenth Circuit cases cited in the briefs, the Dunn-Inres-Santa Fe Downs case, the Evans v. McDonald Corporation case, in all those cases there was a statement of facts that stayed the same. What the Court said is when you specifically refer to a statute, you're calling the Court's attention to that statute. What the Court said was is that you can't use the Conley-Gibson sort of liberalized standards to wait until the 11th hour to ascertain and determine what your causes of action are. Not only is that unfair to the parties, but it's unfair to the summary judgment motion to dismiss process because you can always change things at the end. And as Mr. Bryson said, the Court focused on the fact that there was substantial difference in the claims and also focused on the fact that in that case there was even argument that they had made the claim before the district court, that the district court considered this and rejected it. Here we're much beyond that, Your Honor. They never raised this argument before the district court, and in fact are barred from doing so here. The motion to amend? Yes. Can you comment on that? It was argued. Yes. Again, you don't even need to get to the merits of the abuse of discretion because the Court ruled, the first two grounds of the Court's ruling were first that they were aware of the facts and the claims at the time that they filed the original complaint. The second argument, or the second finding the Court made was, is that they shifted grounds because of the Court's prior rulings and arguments of defendants. Those are independent grounds for the Court's ruling that were not addressed by plaintiffs in the appeal. And again, under the GFF and that line of authority, these independent grounds are sufficient for the Court to rule against plaintiffs on the argument without even getting to the abuse of discretion. If the Court were to get to the abuse of discretion, we think it quite clear that the Court acted properly. But the important point, I guess our essential point we want you to understand, is that these are independent grounds under SIPP and under the Biggs case. That is, these are two independent grounds. They're not addressed before this Court, and under GFF and like authority, if you don't challenge an independent ground, that's dispositive of your claim. Do you have any thoughts on the jurisdictional problem? Again, as we've explained to the other two lawyers here, it kind of hits you from left field, but we're obliged to think about it. Absolutely, and I understand Steele Co. and that line of authority, and we would hope the parties here do not have a lot of money. They've been around and around here on this case. As you know, there have been proceedings before district courts, IBIA, BIA, tribal courts. It's cost a lot of money to the tribe, and we hope that you'll find a way to address the case here. But I don't mean to slight a jurisdictional problem. If there's a jurisdictional problem here, we understand the law and will abide by your ruling, of course, on that point. Thank you. May I answer any other questions? Thank you, Mr. Kaiser. Mr. Schofield, you have three minutes remaining. Thank you, Your Honor. Very briefly, with respect to the suggestion that this court has jurisdiction to rule to dismiss Little Tucker Act claims, I would submit that if the court has jurisdiction to rule on any portion of the case, it has jurisdiction over the case, and therefore jurisdiction to decide all of the issues. So I would say either you can decide none of the issues or you can decide all of the issues. Well, we always have jurisdiction to decide our own jurisdiction, and if we decide we don't have jurisdiction, we have jurisdiction to do that much. I don't know that that argument gets you too far. Let me go back to the argument that was in the lower court. The argument stated, and I've quoted it in the reply brief, because of the tribal defendant's recent firing of plaintiff Cochamp, additional facts may exist upon which to plead the defendant's violation of plaintiff Wapsock's, Duncan's, and Cochamp's civil rights under 42 U.S.C. section 1985 sub 2. Plaintiffs Wapsock and Duncan were expelled from the business committee for their involvement in the 2003 lawsuit. Now that's what was pleaded in the existing complaint. Plaintiffs Wapsock and Duncan were expelled from the business committee for their involvement in the 2003 lawsuit. Then I go on to argue, and Ms. Cochamp appears to have been dismissed from her employment as a direct result of her being a plaintiff in this action. So it was clear at the time, we knew upon looking at it, that the facts existed in the complaint raising a claim under 42 U.S.C. 1985 sub 2, even though we had not referenced the form of 42 U.S.C. section 1985 sub 2, and we intended to do that by a later amendment. So the court was on notice that the retaliation against Wapsock and Duncan for participating in the Wapsock v. Nordwall action was actionable. And under the Supreme Court standard, that means that the facts create a claim. And under the Tenth Circuit standard in green country, that means that you can't get rid of a claim like that early on through dismissal. And this was early on. Remember, no answer had been filed. This was the very first attack upon any complaint by these appellees. So it was not, as all the cases they cite, far down the road with a lot of litigation having progressed through discovery and development of theories and so on and so forth. With respect to amendment, let me just say, and there's been no response to the Tenth Circuit case that I cited that said the proper way to invoke the district court's jurisdiction is to file a motion before hearing in the Tenth Circuit. After hearing, the presumption allowing amendment goes away. After hearing, the presumption allowing amendment goes away. Before hearing, it's just like any other case where you say, may I have leave to amend, but the Tenth Circuit requires a written motion be filed. Otherwise, you've waived your chance. The only other thing I would say is, according to Congress's timetable, we were within Congress's timetable. We had exercised our amendment as a right simply to correct technical errors. If we hadn't done that, we could have amended immediately before the hearing. Thank you, Your Honor. Thank you, Mr. Schofield.